IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony Lash, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | Case No: 17 C 50385 |
| v. | ) | |
| | ) | |
| D. Hudson, Warden, AUSP Thompson, | ) | Judge Philip G. Reinhard |
| | ) | |
|     Respondent. | ) | |
| | ) | |
| | ) | |

**ORDER**

    For the reasons stated below, Anthony Lash's petition for writ of habeas corpus under 28 U.S.C. § 2241 [1], is dismissed. This matter is closed.

**STATEMENT-OPINION**

    Anthony Lash ("Lash"), a federal prisoner, has filed a petition for writ of habeas corpus seeking to have his sentence vacated and be re-sentenced without a career offender designation. S*ee* [1]. On May 23, 2018, the government filed a response to Lash's motion. *See* [9]. By order of May 30, 2018, the court gave petitioner until June 20, 2018, to file a reply to the government's response. *See* [11]. Having received no reply, the matter is now ripe for the court's review.

    **I.    Background**

    On January 10, 2014, Lash pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin in the Eastern District of Missouri. A Presentence Investigation Report ("PSR") was prepared and concluded Lash was a career offender pursuant to U.S.S.G. § 4B1.1 as a result of two prior qualifying felony convictions: one for a crime of violence (aggravated discharge of a firearm) and one for a controlled substance offense (possession of a controlled substance with intent to deliver). The resulting advisory guidelines range was 151-188 months. On April 10, 2014, Lash was sentenced to 151 months in the federal bureau of prisons, to be followed by a three year term of supervised release. Lash is currently incarcerated at AUSP Thompson in Thomson, Illinois.

    Lash did not appeal his conviction or sentence. On June 13, 2016, Lash filed a motion under 28 U.S.C. § 2255 challenging his career offender status citing *Johnson v. United States*, 135 S.Ct. 2551 (2015). In his § 2255 motion, Lash claimed his conviction for aggravated discharge of a firearm fell under the residual clause of U.S.S.G. § 4B1.2, and therefore he did not qualify as a career offender. Before a ruling on that motion, Lash filed a petition with the Eighth Circuit Court of Appeals requesting authorization to file a second or successive § 2255 motion. There, Lash argued his prior conviction for possession of a controlled substance with intent to deliver could not qualify as a controlled substance offense under the career offender provision of the sentencing guidelines pursuant to *Mathis v. United*

1

*States*, 136 S.Ct. 2243 (2016). On July 14, 2017, the Eastern District of Missouri denied Lash's § 2255 petition finding *Johnson* inapplicable, pertinent to his prior conviction for aggravated discharge of a firearm, because Lash was sentenced under the sentencing guidelines and not under the residual clause of the ACCA. Then, on August 1, 2017, the Eighth Circuit denied Lash's petition for authorization to file a successive habeas application in the district court. On December 19, 2017, Lash filed the present writ of habeas corpus under 28 U.S.C. § 2241.[1] He argues that under *Mathis*, his Illinois conviction for possession of a controlled substance with intent to deliver no longer qualifies as a career offender predicate offense.

## II. Legal Standard

A federal prisoner who wishes to collaterally attack his conviction or sentence must, ordinarily, do so under 28 U.S.C. § 2255, "but he may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e) (sometimes referred to as the "savings clause")). A petitioner who seeks to invoke this "savings clause" of § 2255(e) must demonstrate: "(1) that he relies on not a constitutional case, but a statutory-interpretation case, so that he could not have invoked it by means of a second or successive section 2255 motion; (2) that the new rule applies retroactively to cases on collateral review and could not have been involved in his earlier proceeding; and (3) that the error is grave enough to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding such as one resulting in a conviction for a crime of which he was innocent." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (citing *Brown*). *See also In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998).

## III. Analysis

The court need not waste time analyzing all three requirements of the savings clause of § 2255(e) because Lash's argument is fatal under requirement number two. The second requirement demands that the "new rule" apply retroactively. Lash relies on *Mathis* for the proposition that his prior conviction cannot give rise to a sentence enhancement. However, considering Lash's procedural history of challenging his conviction and sentence under § 2255, in order for petitioner to qualify for any post-conviction relief under § 2241, he must show that he had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d at 611.

Here, petitioner is foreclosed from § 2241 relief because while *Mathis* was decided after petitioner's § 2255 petition, *Mathis* has not been declared retroactive to cases on collateral review by the Supreme Court. *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Additionally, the court agrees with the government that *Mathis* did not announce a new rule. "A case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 301 (1989). The holding of *Mathis* - a defendant's prior conviction may not give rise to a sentencing enhancement if the elements of the state crime are broader than those of the generic crime - was not the announcement of a new rule. "For more than 25 years, we have repeatedly made clear that application of [enhanced penalties] involves, and involves only, comparing elements." *Mathis*, 136 S.Ct. at 2257. *Mathis* does not announce a new rule. Therefore, petitioner had the opportunity to fully develop

---

[1] An action pursuant to 28 U.S.C. § 2241 must be brought in the petitioner's district of incarceration. 28 U.S.C. § 2241(a); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014).

his argument (that his Illinois conviction for possession of a controlled substance with intent to deliver no longer qualifies as a career offender predicate offense) in his previous post-conviction petitions. He cannot rely on *Mathis* to meet his burden to bring a writ under § 2241 through the savings clause of § 2255(e).

Because Lash's § 2241 petition fails to demonstrate that the holding in *Mathis* declares a new and retroactive rule, Lash's petition is dismissed. This case is closed.

Date: 7/02/2018                ENTER:

*Philip G. Reinhard*
United States District Court Judge